UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY NO. 09-20016-JKF |
| | ) | |
| R.A.E.D. Investments, Inc., | ) | CHAPTER NO. 11 |
| | ) | |
| Debtor | ) | DOCUMENT NO. *35* |
| | ) | |
| R.A.E.D. Investments, Inc., | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| S&T Bank, First National Bank of PA, | ) | |
| DB Midwest, LLC, United American | ) | |
| Savings Bank, Andrew Caughey, | ) | |
| The United States Trustee, | ) | |
| | ) | |
| Respondents. | ) | |

ORDER CONFIRMING CHAPTER 11 SALE OF PROPERTY
FREE AND DIVESTED OF LIENS

AND NOW, this ___*13*___ day of ___*March*___, 2009, on consideration of Debtor's

Motion for Sale of Real Property Located at 156-158-160 S. 16th Street, Allegheny County,

Pittsburgh, PA 15203, Free and Divested of Liens to Steven Owens and Sean Owens for

$220,000.00, after hearing held in Courtroom A, 54th Floor, 600 Grant Street, Pittsburgh, PA, this

date, the Court finds:

1. That, R.A.E.D. Investments, Inc., the Debtor in the above-captioned case, through its

attorney, filed a motion to sell the real property referenced in the motion free and divested of liens

upon certain terms and conditions to offeror or to such other persons as may make a higher or better offer.

2. That service of the Order setting date for hearing on said motion to sell along with a copy of the motion was effected on the Respondents whose liens are recited in said motion for sale by mailing copies thereof to them as per the Certificate of Service filed by Debtor's counsel.

3. That service of the Notice of Sale was effected on the parties listed on the mailing matrix related to this case by mailing copies thereof to them as per the Certificate of Service filed by the Debtors' counsel.

4. That notice of the within sale was published in the Pittsburgh Tribune-Review and Pittsburgh Legal Journal in accordance with Local Rule of Bankruptcy Procedure 6004-1.

5. That the price of $220,000.00 offered by Steven Owens and Sean Owens was a full and fair price for the property in question.

6. That the Purchaser has acted in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.,* 788 F.2d 143 (3d Cir. 1986)

Now therefore, **IT IS ORDERED, ADJUDGED AND DECREED** that the sale by General Warranty deed of the real property described as 156-158-160 S. 16th Street, Pittsburgh, PA 15203 and Lot and Block No. 3-M-60 is hereby **CONFIRMED** to Steven Owens and Sean Owens for $220,000.00 free and divested of the above recited liens and claims, and, that the Movant is authorized to make, execute and deliver to the Purchaser(s) above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale;

IT IS FURTHER ORDERED, that the above sale is hereby CONFIRMED free and divested of the following liens and claims:

- **Commonwealth of PA v. Raed Investments Inc., GD-07-013882 – Unemployment Compensation Tax Lien for $5,311.60.**

- **Commonwealth of PA v. Raed Investments Inc., GD-08-004317 – Unemployment Compensation Tax Lien for $2,862.00.**

- **Allegheny County v. Raed Investments, GD-08-026445 – Health Department Judgment for $500.00.**

IT IS FURTHER ORDERED, that the above recited liens and claims, be, and they hereby are, transferred to the proceeds of sale, if and to the extent that they may be determined to be valid liens against the sold property, that the within decreed sale shall be free, clear and divested of said liens and claims:

FURTHER ORDERED, that the following expenses/costs shall immediately be paid at the time of closing. **Failure of the closing agent to timely make and forward the disbursements required by this Order will subject the closing agent to monetary sanctions,** including among other things, a fine or the imposition of damages, after notice and hearing, for failure to comply with the above terms of this Order.

(1) Delinquent real estate taxes, if any;

(2) Current real estate taxes, pro-rated to the date of closing;

(3) **Outstanding water and sewer bills to the Pittsburgh Water and Sewer Authority;**

(4) The costs local newspaper advertising;

(5) The costs of legal journal advertising;

(6) Miscellaneous closing fees such as deed preparation, transfer taxes, lien letters and tax

certifications;

(6) The "net proceeds" from the closing shall be payable to S&T Bank which shall record a

partial release from its Mortgage that is recorded at Mortgage Book Volume 25165, page

224, releasing the real property located at 156-158-160 S. 16th Street, Pittsburgh, PA 15203

and Lot and Block No. 3-M-60.

FURTHER ORDERED that:

(1) Closing shall occur within **thirty (30)** days of this Order and, *within five (5) days*

*following closing,* the Movants shall file a report of sale which shall include a copy of the

HUD-1 or other Settlement Statement;

(2) This Sale Confirmation Order survives any dismissal or conversion of the within case;

and,

(3) *Within five (5) days of the date of this Order,* the Movant shall serve a copy of the within

Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of

record, if any, upon any attorney or party who answered the motion or appeared at the

hearing, the attorney for the debtor, the Closing Agent, the Purchaser, and the attorney for the

Purchaser, if any, and file a certificate of service;

(4) Debtor's counsel shall serve the motion + this order on the appropriate agency + counsel for the Commonwealth of

_____
Judith K. Fitzgerald
United States Bankruptcy Judge

PA and Allegheny County by March 16, 2009. Objections by PA and Allegheny County shall be filed + served by March 27, 2009 and if filed, shall be heard on April 3, 2009 at 8:30 AM in Courtroom A, 54th floor, US Steel Tower, Pittsburgh, PA 15219. If no objections are filed, this order is FINAL without further Order.

Judith K. Fitzgerald

**FILED**

MAR 16 2009

JUDITH K. FITZGERALD
BANKRUPTCY JUDGE